2020 IL App (1st) 190203-U
No. 1-19-0203

FIRST DIVISION
July 20, 2020

NOTICE: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1)

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| HSBC BANK USA, N.A., as Trustee for the First NLC Trust 2005-4 Mortgage Backed Certificates, Series 2005-4, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | No. 15 CH 12228 |
| v. | ) | |
| | ) | |
| IRMA SANCHEZ and FILOMENO MALDONADO, | ) ) | |
| | ) | Honorable Darryl B. Simko |
| Defendants-Appellants. | ) | Judge Presiding. |

PRESIDING JUSTICE GRIFFIN delivered the judgment of the court, with opinion.
Justices Pierce and Walker concurred in the judgment and opinion.

**ORDER**

¶ 1    *Held*: The trial court did not commit reversible error when it dismissed defendants' petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)).


¶ 2                              I. BACKGROUND

¶ 3    In 2005, defendants Irma Sanchez and Filomeno Maldonado purchased the property at

2732 North Newland Avenue in Chicago secured by a mortgage in favor of First NLC Financial

Services, LLC. The mortgage was subsequently assigned to plaintiff HSBC Bank. Plaintiff filed a complaint to foreclose the mortgage alleging that defendants had failed to make the monthly installment payments from June 2009 through the time the complaint was filed in 2015.

¶ 4       Plaintiff sought to effectuate service on defendants. A special process server was appointed by the court. The special process server filed an affidavit stating that he served defendants by substitute service on August 22, 2015 by delivering a copy of process to Patricia Sanchez who he identified as the "co-occupant" of the premises. In the complaint and in other papers filed with the court, the dwelling on the subject premises was identified as an owner-occupied single-family home. The special process server also averred that he confirmed with Patricia Sanchez that defendants lived at that address.

¶ 5       Defendants did not appear in the case. On November 13, 2015, the trial court entered a judgment of foreclosure. The property was sold at a judicial foreclosure sale on March 23, 2016. On May 5, 2016, plaintiff filed a motion to confirm the sale.

¶ 6       Before the trial court heard plaintiff's motion to confirm the sale of the property, defendants filed motions to quash service. Defendants stated in their motions that they were never personally served and that they did not become aware of the foreclosure proceedings until after the property was sold. Defendants pointed out that the property in question was a multi-family residence, despite plaintiff's representations in its court filings that the property contained a single-family home. Defendants argued that the special process server's affidavit was false in a number of respects, and they asked the court to quash service and set aside the judgment for lack of personal jurisdiction.

¶ 7       The trial court entered an order striking defendants' motions to quash service and set a hearing for plaintiff's motion to confirm the sale. In advance of that hearing, defendants filed

motions asking the court to reconsider its ruling on their motions to quash service of process. In their motions to reconsider, defendants again argued that the court lacked personal jurisdiction due to defective service. Defendants reiterated their position that they were never served and that the special process server's affidavit was fraudulent. The court again entered an order striking defendants' motions.

¶ 8        Defendants then retained an attorney who appeared in court on their behalf for the first time on July 6, 2016. The trial court gave defendants a month to respond to plaintiff's motion to confirm the sale of the property. Instead of responding to the motion to confirm the sale, defendants filed another motion to quash service. In the successive motion to quash service, defendants again argued that the substitute service effectuated by the special process server was defective. Defendants argued that Patricia Sanchez, as the owner of a separate unit of their multi-unit building, was not authorized to accept service of process on their behalf. Defendants contended that the trial court failed to acquire personal jurisdiction over them and urged the court to deny plaintiff's motion to confirm the sale and find that all orders entered against defendants were void. The motion was fully briefed by the parties. The trial court denied defendant's successive motion to quash service.

¶ 9        The trial court then set a briefing schedule on plaintiff's motion to confirm the sale, giving defendants another opportunity to respond to the motion. The briefing schedule also contained a hearing date for plaintiff's motion. On the day before defendants' response to plaintiff's motion to confirm the sale was due, defendants instead filed a motion for an extension of time to file a motion to reconsider the denial of their motion to quash service. Defendants never responded to the motion to confirm the sale.

3

¶ 10    On the day that the previously-set hearing for the motion to confirm the sale arrived, the trial court granted plaintiff's motion. The trial court also entered an order striking defendants' motion for an extension of time to file another motion to reconsider. Those orders disposed of the foreclosure case in its entirety.

¶ 11    Defendants did not appeal any of the trial court's individual rulings on their motions to quash service nor did they appeal the final judgment in the foreclosure case. Nineteen months after the foreclosure case concluded, however, defendants filed a petition for relief from the judgment under section 2-1401 of the Code of Civil Procedure. Defendants re-raised the arguments that they had raised in their motions to quash service in which they contended that service of process was defective and that the trial court could not exercise personal jurisdiction over them. The trial court denied defendants' petition for relief from the judgment. Defendants now appeal.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, defendants' entire argument is devoted to the issue of whether they were properly served at the outset of the case and whether the trial court acquired personal jurisdiction. Other than some boilerplate references to the statute that allows a party to seek relief from a judgment (735 ILCS 5/2-1401 (West 2016)), defendants do not raise any specific challenge to the trial court's dismissal of their petition for relief from the judgment. Nineteen months passed between the final judgment being entered in this case and the time that defendants filed a petition for relief from that judgment. The only issue that can be considered in this appeal is whether the trial court committed reversible error when it dismissed defendant's petition for relief from judgment. See *Village of Glenview v. Buschelman*, 296 Ill. App. 3d 35, 38-41 (1998).

¶ 14        Section 2–1401 of the Illinois Code of Civil Procedure provides a broad statutory procedure by which final judgments and orders may be vacated or modified after 30 days following such judgments or orders. *Id*. at 39; 735 ILCS 5/2–1401(a) (West 2016). Consistent with the strong judicial policy favoring finality of judgments, our courts have held that a section 2–1401 petition is not to be used as a device to relitigate issues already decided or to put in issue matters which have previously been or could have been adjudicated. *Hirsch v.. Optima, Inc.,* 397 Ill.App.3d 102, 111 (2009). Thus, to be entitled to relief from a judgment under section 2-1401 of the Code of Civil Procedure, a party must demonstrate: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2–1401 petition for relief. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220–21 (1986). That third prong is fatal to defendants' appeal.

¶ 15        In their petition for relief under section 2-1401, defendants offered no explanation as to why they did not file it until 19 months after the final judgment was entered. Defendants similarly did not explain in their petition why they failed to appeal the judgment at issue when it would have been timely for such review. Even now on appeal, defendants make no effort to try to explain why they filed their petition for relief from judgment so long after judgment was entered or why such delay should be excused. Defendants offer nothing in the way of new evidence, and they have instead simply re-composed their challenge to the manner of service that was rejected multiple times by the trial court when the original case was ongoing and the judgment was not yet final. Defendants' total omission of demonstrating that they acted with due diligence in filing their petition for relief from the judgment extinguishes their arguments on appeal. See *Sterne v. Forrest*, 145 Ill. App. 3d 268, 278 (1986).

¶ 16      Obviously, defendants knew about the case and knew about the claimed defect in the service of process at least as early as May 23, 2016—when they filed their initial motions to quash service. Defendants nonetheless did not appeal the December 9, 2016 final judgment on the basis of defective service or any other basis. Then, it was not until July 5, 2018 that defendants filed their petition for relief from the judgment, and they presented no new evidence or argument in their petition. Everything contained in defendants' petition for relief from judgment was known to them at the time the final judgment was entered, but defendants did nothing with that knowledge for 19 months following the entry of final judgment. Defendants do not even attempt to justify or explain what caused the delay between the final judgment being entered and the filing of their petition for relief from that judgment. On this record, there is no basis whatsoever that could conceivably be found to excuse defendants' delay.

¶ 17      Once defendants' motions to quash service were denied and a final judgment was entered, the denial of the motions to quash service were incorporated into the final judgment and became final themselves. Once a court denies a preliminary objection to personal jurisdiction, the jurisdiction of the court is no longer subject to collateral attack. *Mortgage Electronic Systems v. Gipson*, 379 Ill. App. 3d 622, 628 (2008); see also *Moore v. Illinois Pollution Control Board*, 203 Ill. App. 3d 855, 861 (1990) (where the issue of personal jurisdiction is raised, decided, and is appealed or could have been appealed, it is not subject to collateral attack in a subsequent proceeding). Defendants' failure to use the appropriate mechanisms to continue their protest of the manner of service of process dooms their current appeal. Defendants cannot now challenge the manner of service where their motions to quash service were denied, a final judgment was entered, and their opportunity to appeal the judgment expired a year and a half before they

sought relief from it. The interests of finality and of discouraging dilatory conduct would be severely undermined if defendants were permitted to proceed any further on this petition.

¶ 18                                    III. CONCLUSION

¶ 19        Accordingly, we affirm.

¶ 20        Affirmed.